**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SUSAN D. MARASCALCO, as executrix of the Estate of Elizabeth Ann Deloach; and DELOACH REAL ESTATE, LLC** **PLAINTIFFS**

**V.** **NO. 4:20-CV-37-DMB-JMV**

**CARL JOSEPH MARASCALCO** **DEFENDANT**

## ORDER REFERRING CASE TO BANKRUPTCY COURT

Before the Court is Susan D. Marascalco's "Motion to Transfer." Doc. #3.

### I
### Procedural History

On March 2, 2017, Deloach Real Estate, LLC, and Elizabeth Ann Deloach filed a complaint in the Circuit Court of Grenada County, Mississippi, against Carl Joseph Marascalco, Larry Deloach, Rodney Deloach, and Linda Deloach. Doc. #2. The complaint alleges that Carl, without authorization and with the assistance of Larry, Rodney, and Linda, physically moved a cabin affixed to property owned by Deloach Real Estate to property owned by Linda. *Id.* at 2, 4. In February of 2018, the plaintiffs voluntarily dismissed without prejudice Larry, Rodney, and Linda. Doc. #1-1 at PageID #78. Following Elizabeth's death on March 29, 2019, Susan D. Marascalco, as the executrix of Elizabeth's estate, was substituted as the plaintiff. Doc. #1-1 at PageID #90–91.

On March 9, 2020, Susan removed the action to the United States District Court for the Northern District of Mississippi "so that it may be transferred to the Bankruptcy Court for the Northern District of Mississippi." Doc. #1. The notice of removal states that "[t]he jurisdictional basis for removal is bankruptcy," based on the following assertions:

> On September 17, 2019, Carl Marascalco voluntarily filed his Chapter 7 bankruptcy. In his schedules he listed a cabin as a personal asset to be used in funding a plan. That cabin is the source of the underlying state action as it became

> the property of Susan Marascalco by way of their Property Settlement Agreement. As such, the cabin should not have become a part of Carl Marascalco's bankruptcy estate.
>
> On December 17, 2019, a hearing in the Bankruptcy Court was held regarding Party in Interest Susan Marascalco's Motion to Abandon the cabin [*In re Carl Joseph Marascalco*, Case No. 19-13759-JDW, Dkt. No. 34], and the ownership of the cabin was raised. The Bankruptcy Court exercised jurisdiction over the issue of the cabin and entered an Order regarding the same.

*Id.* at 1–2.

On March 10, 2020, Susan filed a "Motion to Transfer," asking that this Court "[t]ransfer this pending action from the Northern District Court of Mississippi, Greenville Division, to the United States Bankruptcy Court for the Northern District of Mississippi."[1] Doc. #3. As grounds, the motion repeats essentially the same assertions stated in the notice of removal as the basis for bankruptcy jurisdiction:

> On September 17, 2019, Carl Marascalco voluntarily filed his Chapter 7 bankruptcy. [*In re Carl Joseph Marascalco*, Case No. 19-13759-JDW]. In his schedules he listed a cabin as a personal asset to be used in funding a plan. That cabin is the source of the underlying state action as it was owned by Deloach Real Estate, LLC. As such, the cabin should not have become a part of Carl Marascalco's bankruptcy estate.
>
> On December 17, 2019, a hearing in the Bankruptcy Court was held regarding Party in Interest Susan Marascalco's Motion to Abandon the cabin [*In re Carl Joseph Marascalco*, Case No. 19-13759-JDW, Dkt. No. 34], and the ownership of the cabin was raised. The Bankruptcy Court exercised jurisdiction over the issue of the cabin and entered an Order regarding the same. [*In re Carl Joseph Marascalco*, Case No. 19-13759-JDW, Dkt. No. 57]. A copy of that Order is attached hereto as Exhibit 1.

*Id.* at 2 (paragraph numbering omitted). Attached to the motion as an exhibit is a copy of the referenced order. Doc. #3-1. The order, which was issued in Carl's bankruptcy case on January 2, 2020, by United States Bankruptcy Judge Jason D. Woodard, states in relevant part:

> This Court previously found the issue of ownership of the cabin located in Phillip, Mississippi, is a core proceeding and held that this Court shall determine

[1] Susan's filing of the motion to transfer the day after the case was removed complies with Local Rule 5(b)'s mandate that a motion to transfer to the Bankruptcy Court be promptly filed. However, in violation of Local Rule 7(b)(4), Susan did not file a separate memorandum brief in support of the motion.

> ownership of said cabin. The Motion to Convert [20], to which the Trustee and Susan D. Marascalco have objected [27, 33] shall be considered at the time of this hearing as well.
>
> ORDERED that the Debtor's Motion to Convert [20] and responses thereto [27, 33] shall be heard at time of the hearing regarding the issue of ownership of the cabin located in Phillip, Mississippi.

*Id*. at 1 (paragraph numbering omitted). No response to the motion to transfer has been filed.

## II
## Analysis

Under 28 U.S.C. § 157(a), "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." This Court's Local Rule 83.6 provides that "[a]ll cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this District pursuant to 28 U.S.C § 157(a)." The phrase "civil proceedings arising under title 11, or arising on or related to cases under title 11," appears in 28 U.S.C. § 1334 and has been interpreted "to identify collectively a broad range of matters subject to the bankruptcy jurisdiction of federal courts." *In re Wood*, 825 F.2d 90, 92 (5th Cir. 1987). "Courts have consistently held that a bankruptcy court has 'core' jurisdiction to determine whether particular property belongs to an estate and may render final decisions as to such disputes." *In re Culture Project*, 617 B.R. 555, 562 (Bankr. S.D.N.Y. 2017) (collecting cases).

Because this Court agrees that the issue of ownership of the cabin is a core proceeding, which issue will be determined by Judge Woodard within the context of Carl's bankruptcy proceedings, and because no opposition to the motion to transfer has been lodged,[2] transfer will be ordered.

[2] A motion to transfer or refer a case to bankruptcy is considered nondispositive. *Searcy v. Knostman*, 155 B.R. 699, at *702 (S.D. Miss. 1993); *see Spring Street Partners-IV, L.P. v. Lam*, No. H–08–107, 2009 WL 196954, at *1 n.1.

## III
## Conclusion

The "Motion to Transfer" [3] is **GRANTED**. This case is **REFERRED** to the United States Bankruptcy Court for the Northern District of Mississippi.

**SO ORDERED**, this 24th day of April, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

---

(S.D. Texas Jan. 27, 2009) (citing *Searcy*). Such a motion therefore may be granted as unopposed. *See* L.U. Civ. R. 7(b)(3)(E).